Ryan W. Podlesnik, OSB 094744
Aller Robertson Mahan, PC
223 S.E. Fowler St.
Roseburg, Oregon 97470
Telephone: (541) 673-0171
Email: rpod@armlaw.us
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLENN L. MURPHY<br><br>               Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA<br><br>               Defendant. | Case No. 6:20-cv-819<br><br>COMPLAINT FOR PERSONAL INJURY - PREMISES LIABILITY<br>BROUGHT UNDER THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680<br><br>**(BENCH TRIAL)** |

Plaintiff alleges:

## JURISDICTION

1.

This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680. This action is brought as a premises liability claim for the negligence committed by the staff, or administration, or other employees at the Roseburg Veterans Administration (VA) Medical Center, a federally funded health care facility located at 913 Northwest Garden Valley Boulevard, Roseburg, Douglas County, Oregon (the premises).

## VENUE

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1), because defendant(s) reside within this district, or a substantial part of the events or omissions giving rise to the claim occurred within this district, or a substantial part of the property that is the subject of the action is situated within this district.

## PARTIES

3.

At all times material, plaintiff is an individual and was a resident of Douglas County, Oregon. Defendant is/are an officer or employee(s) of the United States or any agency thereof acting in their official capacity or under color of legal authority, or an agency of the United States.

## STATEMENT OF CLAIM

4.

On February 13, 2018, plaintiff sought medical treatment from the Roseburg VA Medical Center for a left leg prosthesis for plaintiff's above knee amputation (AKA).

5.

At all times material, defendant provided and directed medical services to patients upon their premises. Defendant occupied the property with the intent to control the premises, which included the restrooms upon the premises.

6.

At all times material, plaintiff was a business invitee, because plaintiff went to the premises at defendant's invitation, either express or implied, and plaintiff's presence at the premises was in the economic interest of the defendant; or plaintiff was invited to enter or remain on the premises as a member of the public for a purpose for which the premises was held open to the public.

7.

At all times material, the area in which the plaintiff traveled on the premises was reasonably foreseeable, and the manner in which the plaintiff traveled using crutches upon the premises was reasonably foreseeable.

8.

At all times material, the defendant had a duty of preventing, removing, or otherwise addressing, liquid substances in the common areas of the premises' floors, including the restrooms, to make travel upon said surfaces reasonably safe for its business invitees.

9.

While the plaintiff was at the premises, the plaintiff visited the restroom located within the premises. As the plaintiff entered the restroom, there was a large standing pool of water or

some other fluid like liquid substance on the floor, and the plaintiff's crutches slipped upon the surface of the liquid substance. Plaintiff slipped and fell upon the floor, primarily landing upon the stump of plaintiff's AKA, and on plaintiff's elbow.

10.

The Roseburg VA Medical Center's staff, or administration, or other employees, acting within the scope and course of their employment, were negligent in their acts or omissions which created a foreseeable and unreasonable risk of injury to plaintiff, in one or more of the following ways:

(a) In causing or allowing water, or some other fluid like substance, to accumulate or exist upon the floor of the restroom;

(b) In failing to discover the water or fluid like substance within the restroom;

(c) In failing to clean up, remove, or dry the water or fluid like substance from the restroom;

(d) In failing to place a non-skid surface substance upon the restroom floor, or carpeting, or other suitable traction material on the restroom floor making it safe to walk upon;

(e) In failing to place conspicuous signs, barricades, or other devices to prevent invitees from encountering the restroom when the water or fluid like substance was upon the floor;

(f) In failing to warn plaintiff of the unreasonably dangerous condition of the restroom, that could not be encountered with a reasonable degree of safety by

Plaintiff's Complaint
Page **4 of 7**

persons similarly situated to plaintiff, even despite knowing and appreciating the danger;

(g) In failing to supervise employees, staff or other agents to maintain the premises so that an unreasonably dangerous condition would not be present in the restroom, or if it was present, to place conspicuous signs, barricades, or other devises to prevent invitees from encountering the premises, or failing to warn plaintiff and persons similarly situated to plaiting that they could not encounter the premises with a reasonable degree of safety, even despite knowing and appreciating the danger.

11.

As a consequence of the Roseburg VA Medical Center's negligence, plaintiff has suffered the following injuries, all of which were reasonably foreseeable:

(a) a fracture in his femur, which necessitated surgery with implantation of hardware;

(b) damage to the muscles, ligaments, tendons, nerves, and other soft tissue of his shoulders;

(c) damage to the muscles, ligaments, tendons, nerves, and other soft tissue of his elbow;

(d) loss of ambulation for a prolonged period of time;

(e) skin breakdowns and pressure sore injuries, caused by being wheelchair bound and bed-bound,

(f) a stump ulcer related to his prosthesis and chronic total occlusion of the left common iliac artery;

(g) damage to the muscles, ligaments, tendons, nerves, and other soft tissue of his lower back;

(h) pain, discomfort, and suffering;

(i) prolonged inconvenience and interference with usual and everyday activities, and

(j) recurring hospitalizations and other medical interventions to deal with the above issues.

## CLAIMS FOR RELIEF

12.

To treat these various injuries, plaintiff has incurred medical expenses of $116,773.96.[1]

13.

Plaintiff has endured physical and mental anguish and emotional distress from this incident. To make up for these massive, severe, non-economic losses, plaintiff should receive full, fair, and just compensation of $700,000.

---

[1] The VA has paid $33,588.31 for medical expenses and has adjusted $54,915.77. Tricare has paid $2,790.25. Medicare has paid $6,979.81, and adjusted $15,500.20. There remains an outstanding balance of $2,999.62, and a lien of $9,770.06.

## ADMINISTRATIVE REMEDIES EXHAUSTED

14.

Plaintiff's administrative remedies have been exhausted under the FTCA. A federal tort claim notice was timely presented and received by the United States Department of Veterans Affairs, Office of General Counsel on September 19, 2019. On March 23, 2020, Deputy Chief Counsel denied the plaintiff's claim. Attached as Exhibit 1, which is fully incorporated herein by reference, is a copy of the denial letter. This action is being brought within 6 months of when plaintiff's claim was deemed denied.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant United States of America for economic damages of $12,769.68 and non-economic damages of $700,000.00, for a total of $712,769.12 together with costs and disbursements incurred. In the alternative, plaintiff prays for a judgment against defendant United States of America which may include relief of economic damages in the amount of $116,773.96, and non-economic damages in the amount of $595,995.72, for a total of $712,769.12, together with costs and disbursements incurred.

DATED this __22nd__ day of May, 2020.

/s/ Ryan W. Podlesnik<br>
RYAN W. PODLESNIK, OSB 094744<br>
Attorney for the plaintiff

**VA** | **U.S. Department of Veterans Affairs**
**Office of General Counsel**

Office of General Counsel (673/008)
Torts Law Group
13000 Bruce B. Downs Blvd.
Tampa, FL 33612

Telephone: (352) 381-5735

In Reply Refer To: GCL 368999

7015 1520 0002 3719 2490
Via Certified Mail

March 23, 2020

Ryan W. Podlesnik, Esquire
Aller, Robertson, Mahan, PC Law Offices
P. O. Box 880 -223 SE Fowler
Roseburg, OR 97470

Re:   Administrative Tort Claim of Glenn L. Murphy

Dear Mr. Podlesnik:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your client's administrative tort claim.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed your client's claim, provides for monetary compensation when a Government employee, acting within the scope of employment, results in injury or damage to property of another by a negligent or wrongful act or omission.

Our review concluded there was no evidence of any negligent or wrongful act on the part of an employee of the VA acting within the scope of employment that caused you compensable harm. Accordingly, we deny your client's claim.

If your client is dissatisfied with the denial of his claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel

Exhibit ___1___
Pg ___1___ of ___1___